IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARICKE ALEXANDER TAYLOR, | ) | |
| AIS #212242, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-371-WHA |
| | ) | (WO) |
| | ) | |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Aricke Alexander Taylor ("Taylor"), an indigent state inmate, alleging that correctional officials failed to protect him from attack by another inmate during his incarceration at the Elmore Correctional Facility. *Compl. - Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claim for relief presented by Taylor. The report and evidentiary materials refute the self-serving, conclusory allegation presented by Taylor. The defendants assert and the undisputed evidence indicates that the defendants did not act with deliberate indifference to Taylor's safety with respect to the random attack about which he complains. Specifically, Taylor does not allege nor is there any evidence that "an objectively substantial risk of serious harm [to his safety] . . . exist[ed]" at the time of the attack. *Marsh v. Butler Cnty., Ala.*, 268 F.3d

1014, 1028-29 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The defendants further argue that the record is devoid of evidence to show that any named defendant "subjectively knew that [Taylor] faced a substantial risk of serious harm.  The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014) (internal citation omitted).

In light of the foregoing, the court issued an order directing Taylor to file a response to the defendants' written report.  *Order of July 12, 2013 - Doc. No. 12*.  The order advised Taylor that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Taylor for filing a response in compliance with the directives of this order has long since expired.  As of the present date, Taylor has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Taylor is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally,

Taylor's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Taylor's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 13, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the

3

provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 30th day of October, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE